Filed 5/27/16  P. v. Lerma CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT LERMA,<br><br>    Defendant and Appellant. | B263789<br><br>(Los Angeles County<br>Super. Ct. No. PA031007) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Gilbert Lerma appeals from the trial court order denying his petition for resentencing under the Three Strikes Reform Act of 2012 (hereafter, Proposition 36 or the Act). The Act amended Penal Code[1] sections 667 and 1170.12 (the Three Strikes law) to reduce the punishment for some third strike offenses that are neither serious nor violent. The Act also added section 1170.126 to create a procedure by which some inmates already serving third strike sentences may seek resentencing in accordance with the new sentencing rules.

Lerma was convicted by a jury in 1999 of being a felon in possession of a firearm (former § 12021, subd. (a)[2]), for which he received a Three Strikes sentence of 25 years to life. In 2013, he filed a petition for recall of his Three Strikes sentence pursuant to section 1170.126. The trial court denied the petition on the ground that Lerma had been armed with a firearm during the commission of his offense within the meaning of sections 667, subd. (e)(2)(C)(iii), and 1170.12, subd. (c)(2)(C)(iii), which disqualified him from resentencing consideration.

We will affirm this ruling.

## BACKGROUND

In our 2000 decision affirming Lerma's conviction (*People v. Lerma* (Aug. 30, 2000, B134827) [nonpub. opn.]), we reported that the trial evidence established the following facts. On August 29, 1998, Los Angeles Police Officer Fernando Delatorre and his partner responded to the El Chaparral Restaurant in Sylmar to investigate a report that someone had a gun. Delatorre testified that when the officers arrived, Delatorre searched the restaurant parking lot and noticed Lerma making motions with his hands as

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change. (§§ 16000, 16005, 16010.) Former section 12021, subdivision (a), was recodified without substantive change at section 29800, subdivision (a) operative January 1, 2012. (Cal. Law Revision Com. com., 14 Deering's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 921.)

2

if he were "chambering a round in a semiautomatic weapon."[3]  When Delatorre drew his own gun and ordered Lerma to show his hands, Lerma scooted over toward a light pillar, put his hands behind the pillar where Delatorre could not see them, and "continued that motion of chambering a round."  Lerma then made a throwing motion toward his left.

After Lerma finally complied with orders to get on the ground, Delatorre searched the area where he had seen Lerma make the throwing motion and found Lerma's shirt, and next to it a small .22 caliber semiautomatic handgun.  The gun had jammed because there was a bullet stuck in the firing mechanism.  The proper way to clear such a jam was to work the gun's slide back and forth to try to free the stuck bullet.  Lerma told Delatorre, "It's not my gun.  It's my friend's gun.  I can't tell you who he is because I don't rat out my friends."

On January 25, 2013, after Proposition 36 was enacted, Lerma sought resentencing.  On March 7, 2013, the superior court (Judge William C. Ryan) issued an order to show cause, and denied Lerma's petition to recall his sentence on April 23, 2015, on the ground that he was "ineligible [for resentencing because] he was armed with a firearm during the commitment offense."  Lerma filed a timely notice of appeal.

### DISCUSSION

1.  *The Act*.

*People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), summarized the Act's purpose and provisions as follows:

"Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent.  (Former §§ 667, subds. (d),

---

[3]  According to Delatorre, "you chamber a round by cocking the top [of the weapon] rearward" which allows a cartridge to come up and be slid into position to fire.

(e)(2)(A), 1170.12, subds. (b), (c)(2)(A).)[4] The [prospective portions of the] Act[5] amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].)

"The Act's exceptions to the new sentencing provisions relate to a defendant's current offense and prior offenses. If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life. [Fn. omitted.] (§§ 667, subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) A third strike sentence is also required if, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Finally, a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for . . . [certain offenses listed in § 667, subd. (e)(2)(C)(iv) and § 1170.12, subd. (c)(2)(C)(iv) which are sometimes referred to as] 'super strikes.' [Citation, fn. omitted.]

"In addition to reducing the sentence to be imposed for some third strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners

---

**4**    "The Three Strikes law was enacted twice in 1994, first by the Legislature (§ 667, subds. (b)-(i); Stats. 1994, ch. 12, § 1, p. 71), and thereafter by the voters by way of Proposition 184 (§ 1170.12; [citation])." (*Johnson*, *supra*, 61 Cal.4th at p. 681, fn. 1.)

**5**    The prospective provisions of the Act (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)) apply to individuals whose "current" offense is committed after the effective date of the Act.

4

already serving third strike sentences may seek resentencing in accordance with the new sentencing rules. (§ 1170.126.) 'An inmate is eligible for resentencing if . . . [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' (§ 1170.126, subd. (e)(1).) Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667, subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present. (§ 1170.126, subd. (e).) In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Johnson*, *supra*, 61 Cal.4th at pp. 680-682.)

2. *The trial court correctly ruled that Lerma was ineligible for resentencing.*

Lerma's ineligibility for resentencing depends on whether, *during* his violation of former section 12021 for *possessing* a firearm, he was also *armed* with a firearm. (See §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

" 'The statutory elements of a violation of section 12021, subdivision (a)(1), . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm.' [Citation.] Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . such an act is not an essential element of a violation of former section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. [Citations.] 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' [Citation.] Hence, while the act of being armed with a firearm – that is, having ready access to a firearm [citation] – necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 795.)

5

"[A]rming under the sentence enhancement statutes does not require that a defendant utilize a firearm or even carry one on the body. A defendant is armed if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] As a recent Court of Appeal decision observed, 'a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] Therefore, '[i]t is the availability – the ready access – of the weapon that constitutes arming.' [Citation.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997, italics omitted (*Bland*).)

As a result of these principles, "not *every* commitment offense for unlawful possession of a gun *necessarily* involves being armed with the gun, if the gun is not otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery." (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1313-1314.) "A firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030, fn. omitted.)

Numerous cases have concluded that, under Proposition 36, a conviction for being a felon in possession of a firearm disqualifies an inmate from resentencing if the nature of that possession amounted to arming as defined in *Bland*. (See, e.g., *People v. White* (2014) 223 Cal.App.4th 512, 525-526 [defendant who tossed away handgun while running from police found to be armed with a firearm and, thus, not eligible for resentencing]; *People v. Hicks* (2014) 231 Cal.App.4th 275, 280, 284 [where defendant was detained at front gate of apartment complex and a gun was found inside his backpack in apartment he had been visiting, defendant was held to be armed and, thus, not eligible for resentencing]; *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 796-797 [defendant

6

who threatened his girlfriend with shotgun during argument was found to be armed and not entitled to resentencing]; *People v. Elder*, *supra*, 227 Cal.App.4th at p. 1317 [police found defendant outside his apartment and – inside – found a gun on cabinet shelf and a second gun in bedroom safe; defendant was found to be armed with a firearm and thus ineligible for resentencing].)

Hence, to be ineligible for resentencing, there need not be a *facilitative* nexus (or what Lerma refers to as a "tethering offense") [6] between an inmate's "current offense" (here, being a felon in possession of a firearm) and the disqualifying factor of "being armed during the commission of that offense." "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '[*d*]*uring* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.) *Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one*. The two are not the same. [Citation.]"

---

[6] For *enhancement* purposes, "a defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it)." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795.) This concept of "facilitative nexus" was explained by *Bland*, *supra*, 10 Cal.4th at p. 1002: "[F]or a defendant to be subject to additional punishment for being armed with a firearm, California law requires the 'arming' to be 'in the commission or attempted commission' of the underlying felony. (§ 12022, subd. (a)(1).) With respect to felony drug possession [for instance], a defendant is armed 'in the commission' of that crime so long as the defendant had the firearm available for use in furtherance of the drug offense at some point during the defendant's possession of the drugs. Thus, by specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense. Evidence that a firearm is kept in close proximity to illegal drugs satisfies this 'facilitative nexus' requirement: a firearm's presence near a drug cache gives rise to the inference that the person in possession of the drugs kept the weapon close at hand for 'ready access' to aid in the drug offense."

7

(*People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284, italics added; accord *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1032.)

Here, the only evidence supporting Lerma's conviction for violating section 12021 was Delatorre's testimony that he saw Lerma apparently trying to chamber a round in a semi-automatic firearm; Lerma made a throwing motion; from the area toward which Lerma had made the throwing motion, Delatorre and his partner discovered a semi-automatic handgun with bullets jammed in its mechanism; and Lerma told Delatorre that the gun belonged to a friend of his but he would not reveal the friend's name. Lerma could not have been convicted without the jury's belief, beyond a reasonable doubt, that the object Lerma was seen holding and then throwing was the subsequently recovered semi-automatic handgun and, therefore, that Lerma had been in actual possession of the gun. Hence, it is clear that Lerma's felon-in-possession conviction was based on the jury's implicit conclusion that "he had a firearm capable for ready use, *during the commission of that offense*, [therefore] the armed-with-a-firearm exclusion applies and, thus, [Lerma] is not entitled to resentencing relief under the Act." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 805, italic added.) Because there was a temporal nexus between the arming and the underlying felony of being a felon in possession of a firearm, the trial court properly ruled that Lerma was ineligible for resentencing under Proposition 36.

*DISPOSITION*

The post-judgment order denying Lerma's petition and declaring him ineligible for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

HOGUE, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.